UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE            CASE NO:
COMPANY,

    Plaintiff,

v.

SUMMERS FIRE SPRINKLERS,
INC. and LUIS CASCO,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff The Cincinnati Specialty Underwriters Insurance Company (Cincinnati), by counsel, hereby files this Complaint seeking a declaration of rights and obligations, and states as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment, and for such further relief as may be necessary or proper, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, to declare the rights, status and legal relations of Cincinnati and Defendants under an insurance policy contract issued by Cincinnati.

2. Jurisdiction is based on diversity of citizenship and is proper in this Court pursuant to 28 U.S.C. § 1332 (diversity of citizenship of the parties and amount in

controversy, excluding interest and costs, in excess of the jurisdictional amount), as the amount in controversy exceeds $75,000.00.

3. Venue in the Southern District of Florida is proper, pursuant to 28 U.S.C. § 1391(a), because the insurance policy contract that is the subject of this action was issued and delivered in Palm Beach County, Florida, which is within the West Palm Beach Division of the District.

4. Cincinnati is a surplus lines insurer organized under the laws of Ohio and authorized to transact insurance business in Florida, including the issuance of commercial general liability insurance policies to insureds in Florida.

5. Defendant Summers Fire Sprinklers, Inc. (Summers) is a corporation organized and existing under the law of Florida, with its principal place of business at 751 Park of Commerce Drive, Suite 100, Boca Raton, Florida.

6. Defendant Luis Casco (Casco) is a citizen of Florida and a resident of Broward County, Florida.

## FACTUAL BACKGROUND

7. Cincinnati issued to Summers a commercial general liability insurance policy (no. CSU0094305) that was effective from January 31, 2017 to January 31, 2018 (the "Cincinnati Policy"). A copy of the Cincinnati Policy is attached as Exhibit "A."

8. Summers is the Defendant in a lawsuit filed by Casco in the Circuit Court of Broward County, Florida, case no. CACE-19-023269, styled *Luis Casco v. Summers Fire*

*Sprinklers, Inc.* (the Underlying Action). A copy of the Complaint for Damages and Demand for Jury Trial in the Underlying Action, which was filed on November 11, 2019, is attached as Exhibit "B."

9. Casco alleges in the Underlying Action that on August 16, 2017, he was employed by Proietto Painting, which was hired to provide painting services at the Rio Vista Community Church located at 880 Federal Highway #1298, Fort Lauderdale, Florida.

10. Casco asserts that an employee of Summers "offered [him] the use of an erected scaffolding owned and/or controlled by [Summers] that was already set up and in place, for his use in painting."

11. Casco alleges that he fell off of the scaffolding because of a "dangerous condition existing thereupon; to wit: Said scaffold was not properly maintained and/or assembled, which caused it to collapse while [Casco] was using it, resulting in serious injuries."

## THE POLICY

12. The Cincinnati Policy was in effect at the time of the incident described by the Underlying Action.

13. The Cincinnati Policy contains the following provision:

EXCLUSION – BODILY INJURY TO CONTRACTOR'S OR SUBCONTRACTORS' EMPLOYEES

A. The following exclusion is added to Paragraph **2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability:**

**2. Exclusions**

This insurance does not apply to:

"Bodily injury" to:

a. Any "employee" of any:

   (1) "Contractor"; or

   (2) "Subcontractor"; and

   (a) Arising out of and in the course of

   1) Employment; or

   2) Performing duties related to the conduct of an insured's business or the business of a "contractor" or "subcontractor".

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

(1) Whether an insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury, including any obligation to pay damages by reason of the assumption of liability in an "insured contract" or agreement.

B. The following definitions are added and apply with respect to this endorsement:

"Contractor" and/or "Subcontractor" means a person, company or organization who agrees in any oral or written contract or agreement with any person or organization to undertake to perform work; to perform a service; or to complete a job.

"Employee" under this endorsement means any person who is hired for a wage, salary, fee or payment to perform work. "Employee" includes any leased worker or temporary worker loaned worker, "volunteer worker", 1099 worker, "casualty worker" or day laborer.

"Casual worker" means a person, other than a person furnished to you by a labor union, which acts at the direction of and within the scope of duties determined by any insured, and for whom any insured, or a labor leasing firm acting on behalf of any insured, does not withhold federal income taxes or pay federal unemployment tax.

14. By letter dated June 13, 2019, Cincinnati acknowledged receipt of the claim and Underlying Action, disclosed pertinent policy provisions, and reserved its right to challenge or contest coverage for the claim asserted by Casco in the Underlying Action.

15. Subject to a full and complete reservation of rights, Cincinnati assumed the defense of Summers in the Underlying Action and continues to afford a defense to Summers.

## CLAIM FOR DECLARATORY JUDGMENT

16. The allegations contained in paragraphs 1 - 15, above, are realleged as if fully set forth herein.

17. An actual controversy and dispute exists between Cincinnati and Summers as to whether the policy's exclusionary endorsement, for Bodily Injury to Contractors' or Subcontractors' Employees, applies to the claim asserted by Casco in the Underlying Action.

18. In particular, the exclusionary endorsement in the Cincinnati Policy applies to preclude coverage for Summers for the claim asserted by Casco in the Underlying Action, which alleges that Casco and Summers' employees were working

5

on the same project and that Casco was an "employee" of a contractor or subcontractor (Proietto Painting) and his alleged injury arose out of and in the course of his employment or performing duties related to the business of a contractor or subcontractor (Proietto Painting).

19. Casco is a proper party to the subject action as a person with an interest in the Court's determination of coverage under the Cincinnati Policy.

20. Cincinnati is entitled to a declaration, pursuant to Rule 57, of its rights, duties and obligations and, specifically, declaring that Cincinnati has no duty to defend or indemnify Summers for the claim asserted against it in the Underlying Action.

WHEREFORE, Plaintiff The Cincinnati Specialty Underwriters Insurance Company requests the Court to enter judgment:

(i) declaring and adjudicating that Cincinnati owes no duty to defend Summers against the claim asserted in the Underlying Action;

(ii) declaring and adjudicating that Cincinnati owes no duty to indemnify Summers against the claim asserted in the Underlying Action; and

(iii) for such further and other relief as may be just and reasonable under the circumstances.

Dated: February 7, 2020

Respectfully submitted,

/s/ *David A. Glenny*
David A. Glenny
Florida Bar No. 371807
glenny@bicecolelaw.com

BICE COLE LAW FIRM, P.L.
1333 SE 25th Loop, Suite 101
Ocala, Florida 34471
(352) 732-2255
Attorneys for Plaintiff The Cincinnati Specialty Underwriters Insurance Company